UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOANNA M. G.,

           Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:19-CV-5204-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to discuss significant and probative evidence contained in Dr. Kevin Morris's opinion and in a portion of Dr. Michael Brown's opinion. The ALJ's error is

therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On December 8, 2009, Plaintiff filed applications for SSI and DIB, alleging disability as of April 15, 2008. *See* Dkt. 14, Administrative Record ("AR") 996, 906. The application was denied upon initial administrative review and on reconsideration. *See* AR 906. A hearing was held before ALJ Scott Morris on December 14, 2011. *See* AR 355. In a decision dated January 5, 2012, the ALJ determined Plaintiff to be not disabled. *See* AR 355. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, and Plaintiff filed a civil action to the United States District Court for the Western District of Washington, which remanded the matter to the Commissioner for further administrative proceedings. *See* AR 355. On October 22, 2014, the Appeals Council vacated the decision and remanded the case to an ALJ for further proceedings. *See* AR 355.

A new hearing was held before ALJ Gary Elliott on January 22, 2015. AR 355-368. On February 24, 2015, ALJ Elliott found Plaintiff not disabled. AR 368. The Appeals Council denied Plaintiff's request for review, and Plaintiff filed a civil action to the United States District Court for the Western District of Washington. *See* AR 995. The Court reversed ALJ Elliott's decision and remanded the case for a new hearing. AR 1020. A new hearing was held before ALJ David Johnson on May 4, 2018. AR 934-960. In a decision dated November 19, 2018, the ALJ found Plaintiff not disabled. AR 921-922. Plaintiff did not request review of the ALJ's decision by the Appeals Council, making the ALJ's November 19, 2018 decision the

final decision of the Commissioner. *See* AR 906. Plaintiff now appeals the ALJ's November 19, 2018 decision finding Plaintiff not disabled.[1]

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly evaluate the medical evidence; (2) failing to properly evaluate Plaintiff's subjective symptom testimony; (3) failing to properly evaluate the lay witness testimony; and (4) improperly determining Plaintiff's residual functional capacity ("RFC"). Dkt. 13. Plaintiff requests remand for an award of benefits. Dkt. 13, pp. 18-19.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.    Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of the medical opinion evidence submitted by Drs. Morris and Brown. Dkt. 13, pp. 3-6.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Johnson and his November 19, 2018 decision.

legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

### A. Dr. Morris

Dr. Morris, a Doctor of Psychology, conducted a psychological evaluation of Plaintiff. AR 241-244. Dr. Morris diagnosed Plaintiff with post-traumatic stress disorder ("PTSD"), marked severity (provisional); alcohol dependence, in sustained full remission; and reading disorder. AR 242. Dr. Morris first addressed Plaintiff's cognitive limitations, opining she has mild limitations in her ability to understand, remember, and follow simple instructions. AR 243. Dr. Morris also opined Plaintiff has moderate limitations in the following cognitive areas: understanding, remembering, and following complex instructions; learning new tasks; exercising judgment and making decisions; and performing routine tasks. AR 243. Dr. Morris then addressed Plaintiff's social limitations, opining Plaintiff has moderate limitations in relating appropriately to co-workers and supervisors; interacting appropriately in public contacts; responding appropriately to and tolerating the pressures and expectations of a normal

work setting; and controlling physical or motor movements and maintain appropriate behavior. AR 243. Dr. Morris stated his opinions were based on his clinical interview with Plaintiff and on his impressions and observations. AR 243.

The ALJ discussed Dr. Morris's opinion and gave it great weight, saying:

> The degree of cognitive limitation identified by Dr. Morris is given great weight because it is consistent with the claimant's results on mental status testing. These limitations are accounted for in the above residual functional capacity with the limitation of performing simple, routine, and repetitive tasks. In addition, the opined mild to moderate social limitations are given great weight because they were based on the doctor's clinical "interview, impressions, [and] observations," and they are generally consistent with the clinical findings of treatment providers. Specifically, treatment providers found that she had variable mood and affect, but was polite, friendly, and cooperative. It is further noted that Dr. Morris stated the claimant was "mostly moderately impaired vis a vis social factors," and, as noted, the residual functional capacity set forth above limits the presence of the public in the work area. Additionally, the Dictionary of Occupational Titles indicates that the occupations identified below require even less interaction to perform the job tasks than the residual functional capacity allows for. The effects of the claimant's conditions cannot be isolated into specific categories, but cross over, with social factors affecting the claimant's ability to interact as well as the ability to respond to and tolerate pressures and expectations, and performing tasks. Limiting social factors demanded of the claimant increases her ability to perform in all categories. Dr. Morris also noted that the claimant was able to adequately care for children, young and old, which involves social factors, pressures, and a lack of routine beyond those in the residual functional capacity and occupations identified.

AR 916-917 (citations omitted).

The ALJ accounted for Dr. Morris's opined social limitations by limiting Plaintiff's interaction with the general public and by restricting Plaintiff's work to occasional, superficial interaction with co-workers or supervisors. AR 916-917; *see also* AR 911. An ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such]

evidence." *Flores*, 49 F.3d at 571; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence").

The ALJ said that by limiting Plaintiff's social interactions, he incorporated Dr. Morris's opined social limitations into the RFC. *See* AR 916-917. The ALJ said limiting Plaintiff's social interactions specifically addresses her moderate limitations in relating appropriately to co-workers and supervisors, interacting appropriately in public contacts, and responding appropriately to and tolerating the pressures and expectations of a normal work setting. AR 916-917. Although limiting Plaintiff's social interactions may address these specific limitations, the ALJ did not discuss Plaintiff's moderate limitation in controlling physical or motor movements and maintaining appropriate behavior. The RFC does not include any restrictions which address this limitation. The ALJ did not explain how restricting Plaintiff to simple, routine, repetitive tasks incorporates Plaintiff's moderate limitation in controlling physical or motor movements and maintaining appropriate behavior. Thus, the ALJ erred when he failed to discuss significant and probative evidence contained in Dr. Morris's opined social limitations.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made

"'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

The ALJ's failure to discuss Dr. Morris's opinion that Plaintiff has moderate limitations in controlling physical or motor movements and maintaining appropriate behavior resulted in an incomplete RFC. The RFC does not include any limitations regarding Plaintiff's ability to control physical or motor movements and maintain appropriate behavior. AR 910-911. Had the ALJ properly considered this portion of Dr. Morris's opinion, the ALJ may have included additional limitations in the RFC. As the ultimate disability determination may change, the ALJ's failure to address Dr. Morris's opinion in its entirety is not harmless and requires reversal.

The ALJ also discussed Dr. Morris's opined cognitive limitations and concluded he incorporated all of those limitations into the RFC by limiting Plaintiff to simple, routine, repetitive tasks. AR 916. The ALJ failed to specifically address how the limitation in the RFC incorporates each of Dr. Morris's opined cognitive limitations. For example, while limiting Plaintiff to simple, routine, repetitive tasks accounts for Plaintiff's moderate limitation in understanding, remembering, and following complex instructions, it contradicts Plaintiff's moderate limitation in performing *routine* tasks. While the ALJ did adequately account for some of Dr. Morris's opined cognitive limitations in the RFC, the ALJ provides no explanation regarding other parts of Dr. Morris's opined cognitive limitations. Therefore, the ALJ has not provided adequate reasoning in order for the Court to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the

evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Because the ALJ failed to discuss all significant probative evidence and because he failed to provide adequate reasoning to support his conclusions, the ALJ's treatment of Dr. Morris's opinion was improper.

B.  Dr. Brown

Dr. Brown, an examining doctor, completed a psychological evaluation of Plaintiff in February 2010. AR 253-258. He diagnosed Plaintiff with mood disorder, PTSD, and anxiety disorder. AR 255. Dr. Brown first addressed Plaintiff's cognitive limitations, opining she has mild limitations in understanding, remembering, and following simple and complex instructions and in learning new tasks. AR 256. He opined Plaintiff has moderate cognitive limitations in exercising judgment and making decisions and in performing routine tasks. AR 256. Next, Dr. Brown addressed Plaintiff's social limitations and opined she has mild limitations in caring for herself, including hygiene and appearance, and in maintaining appropriate behavior in a work setting. AR 256. He also opined Plaintiff has a moderate limitation in interacting appropriately in public contacts and a marked limitation in responding appropriately to and tolerating the pressures and expectations of a normal work setting. AR 256.

The ALJ first discussed Dr. Brown's opined cognitive limitations and gave them great weight "because they are consistent with Dr. Brown's clinical findings and the claimant's reported activities of daily living (e.g. taking care of her disabled child.)" AR 917. The ALJ also gave great weight to Dr. Brown's opined social limitations "because they are consistent with Dr. Brown's clinical findings and her reported history." AR 917. But the ALJ gave little

weight to Dr. Brown's opinion regarding Plaintiff's marked limitation in responding appropriately to and tolerating the pressures and expectations of a normal work setting, because:

> (1) [ I]t is based solely on the claimant's subjective report of symptoms and limitations, which are not consistent with the record. (2) Furthermore, it is inconsistent with Dr. Truschel's clinical findings that the claimant had grossly intact cognition, as she was completely capable of attending and concentrating during interview [sic]. (3) Upon further consideration, it is also noted that the marked limitations identified by Dr. Brown (of responding appropriately to and tolerating the pressures and expectations of a normal work setting) are in excess of those set forth by Dr. Morris. However, Dr. Brown also noted the claimant had little energy secondary to taking care of a small child with disabilities. The relevant question is the degree of limitation caused by medically determinable impairments, not by other responsibilities. The claimant's activities were and continue to be demanding, with the recent additional [sic] of caring for her more recently disabled husband as well. While Dr. Brown opined about the claimant's ability to do both, and the claimant might not be able to do both, Dr. Morris' opinion is closer to the relevant analysis under the regulations, and is more illuminative.

AR 917 (citations omitted) (numbering added).

The ALJ discussed two aspects of Dr. Brown's opinion. First, he addressed all of Dr. Brown's opined moderate limitations, to which he afforded great weight. AR 917. Next, the ALJ addressed Dr. Brown's opined marked limitation. AR 917. As discussed below, the Court finds the ALJ erred in his treatment of Dr. Brown's opined moderate limitations, but the ALJ did not err in his assessment of the marked limitation.

Regarding the ALJ's treatment of Dr. Brown's opinion of Plaintiff's moderate limitations, the ALJ reasoned that it deserved great weight because the limitations were consistent with Dr. Brown's clinical findings and Plaintiff's reported history. AR 917. The ALJ's treatment of Dr. Brown's opinion is similar to his treatment of Dr. Morris's opinion as the RFC does not clearly incorporate Dr. Brown's opined moderate limitations. The RFC limits Plaintiff to simple, routine, repetitive tasks, and limits Plaintiff's social interaction, but Dr.

1  Brown opined that Plaintiff is moderately limited in performing *routine* tasks. While the RFC

2  may account for most of Dr. Brown's opined moderate limitations, it contradicts other parts of

3  his opinion by not including a moderate limitation on routine tasks. Therefore, the ALJ has not

4  provided adequate reasoning for the Court to meaningfully determine whether the ALJ's

5  conclusions were supported by substantial evidence. *See Blakes*, 331 F.3d 565 at 569.

6  Therefore, the ALJ has not provided adequate reasoning for the Court to meaningfully

7  determine whether the ALJ's conclusions were supported by substantial evidence. *See Blakes*,

8  331 F.3d 565 at 569.

9        Regarding the ALJ's treatment of Dr. Brown's opinion of Plaintiff's marked limitation

10 in responding appropriately to and tolerating the pressures and expectations of a normal work

11 setting, the ALJ first reasoned that it deserved little weight because it was based solely on

12 Plaintiff's subjective symptom testimony. AR 917. An ALJ does not provide clear and

13 convincing reasons for rejecting an examining physician's opinion by questioning the

14 credibility of the patient's complaints where the doctor does not discredit those complaints and

15 supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152,

16 1159 (9th Cir. 2001). But if a doctor's opinion is based "to a large extent" on an applicant's

17 self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ

18 may discount the doctor's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

19 Here, Dr. Brown opined Plaintiff had marked limitations in responding appropriately to and

20 tolerating the pressures and expectations of a normal work week based on Plaintiff's

21 statements. *See* AR 256. In support of his finding, Dr. Brown wrote under "observation" that

22 Plaintiff "says she has little energy secondary to taking care of a small child with

23 'disabilities.'" AR 256. Dr. Brown provided no other reason to support his conclusion. Given

24

the basis articulated by Dr. Brown to support his conclusion, substantial evidence supports the ALJ's finding that Dr. Brown's opinion regarding Plaintiff's marked limitation should be afforded little weight because it was based solely on Plaintiff's statements which the ALJ found non-credible.

Although the ALJ provided other reasons to discount Dr. Brown's opined marked limitation, the Court need not assess whether these reasons were proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

In summary, the Court concludes the ALJ erred in his treatment of Dr. Brown's opined moderate limitations, but the ALJ did not err in his assessment of the opined marked limitation. The ALJ erred is directed to reassess Dr. Brown's opined moderate limitations on remand.

    C.  Other medical evidence

Plaintiff cites an exhaustive list of medical opinions in the record and asserts that because these opinions constitute significant probative evidence, the ALJ erred by failing to discuss them. Dkt. 13, p. 15. Plaintiff says this evidence, considered in its entirety, is consistent with the opinions of Drs. Morris and Brown, as well as Plaintiff's own testimony. Dkt. 13, p. 15. Given the lack of specificity in Plaintiff's argument, Plaintiff failed to demonstrate any harmful error on the other medical evidence. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors"). By failing to explain how the ALJ erred with regard to each particular opinion, Plaintiff failed to

show how the ALJ's alleged mistreatment of this evidence was consequential to the RFC and the ultimate disability determination. The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred); *see also Carmickle*, 533 F.3d 1155 at 1161 (citation and internal quotation omitted) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").

II.     **Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony and the lay witness testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 13, pp. 13-17. Plaintiff also contends the ALJ failed to provide germane reasons for rejecting the testimony of Plaintiff's daughter. Dkt. 13, p. 17. The Court concludes the ALJ committed harmful error in assessing Dr. Morris's opinion and a portion of Dr. Brown's opinion and must re-evaluate these opinions on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony and the lay witness testimony, the ALJ must reconsider Plaintiff's testimony and the lay witness testimony on remand.

III.    **Whether the ALJ properly determined Plaintiff's RFC.**

Plaintiff asserts the ALJ erred in assessing her RFC and finding her not disabled at Step 5 of the sequential evaluation process because the RFC and hypothetical questions did not contain all Plaintiff's functional limitations. Dkt. 13, pp. 17-18. The Court concludes the ALJ committed harmful error when he failed to properly consider Dr. Morris's opinion. *See* Section I, *supra*. The ALJ is directed to re-evaluate Dr. Morris's opinion, a portion of Dr. Brown's

opinion, Plaintiff's testimony, and the lay witness testimony on remand. *See* Sections I, II, *supra.* The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions"); *Valentine*, 574 F.3d 685 at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the new RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

**IV.     Whether this cased should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 13, pp. 18-19. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined, on remand, the ALJ must re-evaluate Dr. Morris's opinion, a portion of Dr. Brown's opinion, Plaintiff's testimony, and the lay witness testimony. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 9th day of January, 2020.

David W. Christel
United States Magistrate Judge